UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IFRA KABA,                                                          Petitioner,

v.                                              Civil Action No. 3:26-cv-419-RGJ

JEFF TINDALL, et al.,                                            Respondents.

* * * * *

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Ifra Kaba's Writ of Habeas Corpus. [DE 1].

Respondents responded on June 5, 2026. [DE 7]. Petitioner replied on June 8, 2026. [DE 8]. The

parties agree no evidentiary hearing is necessary. [DE 5; DE 6]. This matter is ripe for adjudication.

For the reasons below, the Court **DENIES** the Petition for Writ of Habeas Corpus. [DE 1].

### I.        Background

Petitioner Ifra Kaba ("Kaba") is a 34 year-old native and citizen of Mauritania. [DE 7-2 at

81]. Kaba entered the United States without inspection on July 21, 2023. [DE 1 at 8]. Although

entering without inspection, Kaba encountered United States Border Patrol shortly thereafter. [DE

7 at 65]. Kaba was served with a Notice to Appear and released into the interior of the United

States. [*Id.*].

On December 9, 2025, Louisville Metro Police received a call about a conflict at an

apartment building. [*Id.*]. Police responded to the scene, and after an investigation, determined that

Kaba and his brother were involved in a physical altercation. [*Id.*]. Kaba was charged with

strangulation and harassment of his brother. [*Id.*]. On December 18, 2025, Kaba pled guilty and

was sentenced to 90 days in jail. [*Id.*]. Kaba was transported to the Louisville Metro Department

of Corrections. [*Id.*].

On the same day, Immigration and Customs Enforcement ("ICE") took custody of Kaba as ICE determined he was removable. [*Id.*]. ICE transported Kaba to Oldham County Jail in the Western District of Kentucky where he remains today. [*Id.*]. Respondents acknowledge that Petitioner is detained pursuant to Section 1226(a). [*Id.*].

Kaba moved for a custody redetermination hearing pursuant to Section 1226(a) of the Immigration and Nationality Act ("INA"). [*Id.*]. At the hearing, both Petitioner and Respondents presented evidence and provided arguments. [*Id.*]. Kaba's recent criminal charge were discussed, as well as Kaba's ties to the community since his arrival. [*Id.* at 66-67].

Following the hearing, Immigration Judge ("IJ") Kelly Johnson denied bond in a written order holding that Kaba is a danger to the community, or in the alternative, a flight risk. [DE 1-3, IJ Order, at 16]. It is unclear if Kaba appealed this decision to the Board of Immigration Appeals ("BIA").

Kaba asserts that his Due Process has been violated because IJ Johnson failed to consider the evidence as a whole properly. [DE 1 at 9]. Kaba requests either immediate release or a renewed bond hearing before an IJ. [*Id.* at 11].

Respondents contend that Kaba has been properly provided a merit based bond hearing pursuant to Section 1226(a). [DE 7 at 67-68]. And therefore the Court cannot disturb the findings of the IJ, unless the Petitioner raises a constitutional issue or a statutory violation pursuant to the jurisdiction stripping provision of 8 U.S.C. § 1226(e). [*Id.*].

## II.    DISCUSSION[1]

### A.  Relevant Immigration Framework

This Court has previously outlined how Congress has distinguished between two classes of non-citizens, providing a bond hearing for those detained under Section 1226(a) but imposing mandatory detention without bond for those detained under Section 1225(b)(2). *See Vicen v. Lewis,* 821 F. Supp. 3d 863, 868-69 (W.D. Ky. 2026); *see also, Lopez-Campos,* 175 F.4th at 721-22. Both parties agree that Petitioner is detained pursuant to Section 1226(a). And both parties agree that Petitioner received a bond hearing pursuant to Section 1226(a).

### B.  Section 1226(e)

Jurisdiction poses a threshold question. See *Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("[W]e must first consider whether we have jurisdiction to decide this case."). And " '[f]ederal courts,' it bears repeating, 'are courts of limited jurisdiction.' " *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Therefore, as an initial matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims.

The United States contends that Section 1226(e) prohibits judicial review of any "discretionary judgment" regarding the application of Section 1226. [DE 7 at 68]. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision

---

[1]Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025), and the Court waives the exhaustion requirement for the same reasons.

> by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, district courts lack jurisdiction to review discretionary bond decisions made by an IJ. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Notwithstanding the above, parties may bring a constitutional challenge to a hearing by an IJ. *Demore v. Kim,* 538 U.S. 510, 523 (2003). That is, Section 1226(e) does not "block lawsuits over the extent of the Government's detention authority under the "statutory framework" as a whole." *Guiracocha v. Noem,* 2026 WL 622860, at *3 (E.D. Ky. Mar. 5, 2026) (citing *Nielsen,* 586 U.S. at 401) (in turn quoting *Jennings v. Rodriguez,* 583 U.S. 295-96 (2018)) (citations modified). Essentially, when a petitioner challenges a discretionary decision taken by an IJ, versus a challenge against to the "statutory framework as a whole" Section 1226(e) bars review. *Id.*

"Thus, the Court must determine whether Petitioner challenges the statutory or constitutional validity of his continued detention." *Alabdulaziz v. Tindall,* 2026 WL 973278, *4 (W.D. Ky. Apr. 10, 2026). Or, if the Petitioner is challenging a "discretionary" action by the IJ, which the Court cannot review. *Guiracocha,* 2026 WL 622860, at *3 (citing *Nielsen,* 586 U.S. at 401). Here, Kaba's challenge is that the IJ incorrectly, and inadequately, reviewed and considered the weight of the evidence presented and incorrectly sided with the United States. Kaba states that the IJ failed to accurately assess the record before the Immigration Court. [DE 1 at 2]. Neither party has presented the transcript of the custody redetermination hearing, but only the IJ's Order and accompanying evidence. And based on the Order, IJ Johnson assessed the evidence and came to a reasoned conclusion finding that based upon the evidence presented before the court, Kaba posed as a danger, or in the alternative, a flight risk. [DE 1-3 at 16-17]. Thus, Kaba is not arguing that the "IJ wholly failed to consider the evidence" but instead, he "argues that the IJ erred in weighing the evidence." *Guiracocha,* 2026 WL 622860, at *4. In other words, the Petition only raises factual arguments about the IJ's decision and decision-making process. Any factual

challenges to an act by the IJ fall within the jurisdiction provision of Section 1226(e), and outside the bounds of this Court's jurisdiction. The proper remedy for this type of dispute is for Kaba to file an appeal with BIA of the IJ's decision.

And although the IJ originally relied on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) to deny bond, the IJ also reached the merits of Kaba's bond hearing, stating, "[s]hould a reviewing body find that the Court has authority to hear this bond, the Court finds that Respondent is a danger and, in the alternative, a flight risk." [DE 1-3 at 16]. Therefore, because IJ Johnson reached the merits as well, Kaba received a procedurally and substantively adequate bond hearing. *Ordonez v. Field Off. Dir.,* 2026 WL 927173, at *5 (E.D. Ky. Apr. 6, 2026) (holding that it is permissible for an IJ to reach conclusions in the alternative, depending on which statute the Petitioner is detained). And even if Petitioner is not satisfied the written decision, and if "the IJ could have explained this reasoning more clearly" that is not a constitutional nor statutory violation. *Id.*

Accordingly, the "IJ's bond determination provided precisely the process he is due under the Fifth Amendment." *Id.* "Petitioner attempts to attack the IJ's individual determination that Petitioner presented a danger to persons or property, or was a flight risk, and was thus not entitled to bond" are not reviewable by this Court pursuant to Section 1226(e). *Aladbualziz,* 2026 WL 973278, at *4.

Kaba has been provided the due process he is owed pursuant to Section 1226(a). And as Congress intended, Kaba may appeal the IJ's decision to the BIA if he wishes to do. 8 C.F.R. 1003.19; 8 C.F.R. 1236.1(d)(3). But any discretionary challenge to the IJ's findings by this Court are barred by Section 1226(e). *See Nielsen*, 586 U.S. at 401 (noting that § 1226(e) bars review of discretionary applications of § 1226); *Hernandez-Gabriel v. Tate*, 2026 WL 161192, at *4 (S.D. Tx. Jan. 20, 2026) (holding that a district court lacked jurisdiction to consider a petitioner's

challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e) did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).

### VI.    Conclusion

Kaba "does not claim that his bond hearing lacked necessary procedural safeguards or that the IJ did not have statutory authority to deny bond." *Guiracocha,* 2026 WL 622860, at *4.  Rather, he argues that the IJ came to the wrong conclusion after reviewing the testimony, exhibits, and other evidence. The Supreme Court has consistently held that Section 1226(e) bars this Court of such review of those decisions. *See Nielsen*, 586 U.S. at 401; *Jennings*, 583 U.S. at 295; *Demore*, 538 U.S. at 516. For the reasons stated above, the Court **DENIES** Kaba's Petition for Writ of Habeas Corpus. [DE 1].

Rebecca Grady Jennings, District Judge
United States District Court

August 12, 2026